**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **BRANDON HARRIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No.  3:25 C 50493** |
| | ) | |
| **WINNEBAGO COUNTY SHERIFF'S** | ) | **Judge Rebecca R. Pallmeyer** |
| **DEPARTMENT; WINNEBAGO COUNTY,** | ) | |
| **ILLINOIS; CITY OF LOVES PARK; and** | ) | |
| **VILLAGE OF MACHESNEY PARK,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

In this *pro se* complaint, Plaintiff Brandon Harris asserts that police officers employed by Defendants unconstitutionally took $29,000 from him when he was arrested on August 20, 2021. He brings this action pursuant to 42 U.S.C. § 1983, alleging that the seizure of his currency violated the Fourth and Fourteenth Amendments to the U.S. Constitution.  Defendants have moved to dismiss the case as barred by the statute of limitations.  As explained below, that motion is granted.

## FACTUAL BACKGROUND

The facts laid out below are taken from Mr. Harris's amended complaint [23], which the court accepts as true at the pleading stage*.  See Ruiz v. Pritzker*, 162 F.4th 886, 889 (7th Cir. 2025). Mr. Harris is a resident of Cook County, Illinois.  (Am. Compl. [23] ¶ 3.)  On August 20, 2021, Harris was arrested at Ack Ack Nursery, a daycare in Loves Park, Illinois.  (*Id*. ¶ 9.)  The complaint is short, and sparse on details about this incident or why it led to Mr. Harris's arrest— he alleges only that it "arose from a domestic battery investigation." (*Id.* ¶ 10.)  Mr. Harris alleges that he possessed roughly $29,000 in cash at the time of his arrest, and that the officers seized his cash when he was arrested.  (*Id.* ¶¶ 10–12.)  The complaint does not explain why he possessed such a large sum of cash, or why the police seized it.  Harris claims he was not given an "inventory sheet, property receipt, or documentation" as a result of the seizure.  (*Id.* ¶ 13.)  He

also claims that he later sought to retrieve the cash, only to be "informed by investigators that no money was recovered." (*Id.* ¶ 14.) Defendants, all municipalities, have moved to dismiss Mr. Harris's complaint as untimely. In his one and one-half page response to the instant motion, Harris explains he pursued "FOIA requests" and unspecified "legal remedies" in pursuit of his lost money, but provides no dates or additional facts relating to these pursuits. (Opp'n [39] at 1–2.) He further claims that he learned that "surveillance footage related to the incident was incomplete and cut off at a critical moment," but again provides no additional detail as to that allegation or why it may have prevented a timely filing. (*Id.* at 2.)

This lawsuit followed. The operative complaint brings three claims: (1) unlawful seizure of property under the Fourth Amendment (Count I); (2) deprivation of property without due process under the Fourteenth Amendment's due process clause (Count II); (3) and a claim for municipal liability pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). (Am. Compl. [23] at 3–4.) Defendants moved to dismiss, and the motion is now fully briefed.

## **DISCUSSION**

Defendants have moved to dismiss Harris's claims as barred by the statute of limitations. A plaintiff's failure to meet filing deadlines is an affirmative defense and need not ordinarily be addressed in the complaint in order to survive a motion to dismiss. *Indep. Tr. Corp. v. Stewart Info. Servs*. Corp., 665 F.3d 930, 935 (7th Cir. 2012). The court may, however, dismiss a complaint on timeliness grounds "when the plaintiff's allegations establish that the statute of limitations bars recovery." *Milchtein v. Milwaukee Cnty*., 42 F.4th 814, 822 (7th Cir. 2022). When a complaint sets forth everything necessary to satisfy the affirmative defense, and plainly reveals that an action is untimely, dismissal under Rule 12(b)(6) is appropriate. *Indep. Tr. Corp*., 665 F.3d at 935.

In this case, Harris's own allegations make clear that any claims arising from the August 20, 2021, incident are time-barred. "Claims under § 1983 borrow the statute of limitations for personal injury actions in the state in which the cause of action arose," *Cielak v. Nicolet Union*

*High Sch. Dis*t., 112 F.4th 472, 477 (7th Cir. 2024)—in Illinois, two years, 735 ILCS 5/13-202. "As a general matter, a statute of limitations begins to run when the cause of action 'accrues'—that is, when 'the plaintiff can file suit and obtain relief.'" *Heimeshoff v. Hartford Life. & Accident Ins. Co.*, 571 U.S. 99, 105 (2013). A claim accrues "when a plaintiff knows the fact and the cause of an injury." *Amin Ijbara Equity Corp. v. Vill. of Oak Lawn*, 860 F.3d 489, 493 (7th Cir. 2017) (internal citations omitted). Because the incident at issue occurred on August 20, 2021, the deadline to file this lawsuit was August 21, 2023. Harris did not file this case until August 5, 2023—almost two years too late.

In his short response to Defendants' motion to dismiss on this basis, Harris cites no case law or other legal authority. Instead, he asserts in conclusory fashion that he did not discover he was injured until December 30, 2024.[1] (Opp'n [39] at 1–2.) This appears to be an invocation of the discovery rule, under which the statute of limitations clock does not begin running until a plaintiff realizes that he or she has been injured. *See, e.g., Cada v. Baxter Healthcare Corp*., 920 F.2d 446, 450 (7th Cir. 1990). But the discovery rule makes little sense here; the injury Harris has alleged arises from the police officers' seizure of $29,000 in cash that he was carrying with him when he was arrested in August 2023. Harris's claim that he somehow did not discover that this $29,000 was missing for nearly two years is simply implausible. Further, Harris's response includes no details on what occurred on December 30, 2024, that led him to discover for the first time that his cash was missing, nor does it include any other facts that lend support to his allegations of delayed discovery. Harris does assert (again, in conclusory fashion) that he "exercised diligence by filing FOIA requests, pursuing legal remedies, and traveling to seek

---

[1] On April 20, 2026, Harris moved to amend his complaint. The court denied this motion, noting that the proposed amended complaint was even shorter than the prior iteration and included essentially zero factual details from which the court can infer that a constitutional violation took place. (Minute Order [33].) Notably, this amended complaint asserts that Harris discovered he was injured on January 13, 2025—two weeks after the December 30, 2024, discovery date he includes in his brief in opposition. Mr. Harris does not explain the significance of either of these dates.

3

assistance in uncovering the facts."  (Opp'n [39] at 2.)  But he includes no explanation of what these "legal remedies" are, or any other facts supporting the equitable tolling of the statute of limitations of his case. Nor does he explain why he was capable of filing FOIA requests, seeking other remedies, and traveling to investigate, but was not able to file his case in this court.

## **CONCLUSION**

Defendants' motion to dismiss [28] is granted.  The Clerk is directed to enter judgment in favor of Defendants and against Plaintiff.

ENTER:

Dated: July 29, 2026

_____
REBECCA R. PALLMEYER
United States District Judge

4